FILED

FEB 12 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

IN ADMIRALTY

| | |
|---|---|
| STEPHEN KING AND ACE AMERICAN INSURANCE CO., Plaintiffs, vs. LOWCOUNTRY BOATWORKS, LLC d/b/a HILTON HEAD BOATHOUSE, Defendant. | CIVIL ACTION NO.: 9 04 0445 23 |

## COMPLAINT

The Plaintiffs, complaining of the Defendant herein, respectfully allege unto this Honorable Court that:

## GENERAL AVERMENTS

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the *Federal Rules of Civil Procedure* and is within the Maritime Torts jurisdiction of this Court. Further, this action seeks damages for the maritime tort of negligence and for breach of the admiralty doctrine of warranty of workmanlike performance. Plaintiffs invoke the subject matter jurisdiction of this Honorable Court under 28 U.S.C. § 1333 (Admiralty) and request a bench trial.

2. Plaintiff, STEPHEN KING (herein "King"), at all material times, was

a citizen and resident of the State of South Carolina. Plaintiff, ACE American Insurance Co. (herein "Ace"), is made a party hereto by virtue of its subrogation interest in any recovery had by King.

3. Defendant, LOW COUNTRY BOATWORKS, LLC d/b/a HILTON HEAD BOATHOUSE, ("Marina") is, on information and belief, a corporation engaged in the business of providing maritime services, organized and existing pursuant to the laws of the State of South Carolina, and doing business in Beaufort County, South Carolina.

4. This claim involves the maritime tort of negligent provision of maritime services and breach of the warranty of workmanlike performance; and, the parties hereto and subject matter hereof are within the jurisdiction of this Honorable Court.

FOR A FIRST CAUSE OF ACTION

5. King, at all times pertinent hereto, was the owner of F/V *KING FISH*, (the "Vessel"), a 28' Sea Ray, bearing Hull Identification Number US SERA3589H00 27GSBA 765.

6. The Vessel was, at all times pertinent hereto, kept in dry dock storage at Marina which would, upon King's request, remove the Vessel from its dry storage racks using a large fork lift, prepare it for launching, launch the Vessel, and upon King's return to Marina, remove the Vessel from the water and replace it in dry storage.

7. On or about May 17, 2003 the Vessel was being launched by Marina personnel when it began to take on water and was severely damaged.

8. Plaintiff is informed and believes that the damage to the Vessel was caused by the gross negligence of Marina in failing to inspect the Vessel prior to launching, in failing to install the drain plug prior to placing the Vessel into the water, and by failing to properly supervise its agents and employees in the proper procedures employed in launching the Vessel following removal from dry storage.

9. As a direct and proximate result of the negligence of Marina, the Vessel, her equipment, gear and personal property have been damaged or destroyed, and King has incurred losses, economic damages and expenses in excess of $15,000.00.

10. Plaintiff is informed and believes that he is entitled to recover his actual and consequential damages and the costs and disbursements of this action from Marina by reason of Marina's negligence.

**FOR A SECOND CAUSE OF ACTION**

11. Plaintiff realleges each and every allegation contained in the foregoing paragraphs as fully as if repeated herein verbatim.

12. Marina, as a maritime service provider, warranted to Plaintiff that it would perform its work on the Vessel with that degree of diligence, attention and skill adequate to complete the task of removing, storing, and launching Plaintiff's Vessel.

13. Marina breached its warranty of workmanlike performance with respect to the Vessel by removing the drain plug and improperly failing to replace said plug prior to launching the Vessel thereby damaging the Vessel, its equipment, and Plaintiff's property; failing to properly supervise or instruct its agents and employees; and, failing to use that degree of diligence, attention and skill adequate to properly and

safely launch the Vessel.

14. As a direct and proximate cause of Marina's breach of warranty of workmanlike performance, Plaintiff has suffered damages and losses including the value of the Vessel and other property, "sue and labor" time, expenses in obtaining survey and repair estimates, and additional consequential and incidental economic losses.

15. Plaintiff is informed and believes that he is entitled to recover these damages of Marina for its breach of warranty as aforesaid.

Wherefore, Plaintiff prays for Judgment against the Defendant as a result of its gross negligence and breach of warranty, in the amount of his actual, consequential and incidental damages, pre-judgment interest, reasonable attorney fees, and the costs and disbursements of this action.

LAUGHLIN & BOWEN

By: John Bowen

John RC Bowen
Federal Court ID# 1403
Attorneys for Plaintiffs
P.O. Drawer 21119
Hilton Head Island, SC 29925
(843) 689-5700

February 10, 2004